CarutheRS, J.,
delivered the opinion of the Court.
Faulkner sued the plaintiff in error, in tresspass on the case, and recovered $200 damages. The injury charged is for entering upon the grounds of which he ivas renter for the year, for the construction of the road, and destroying his vegetables, houses, fences, &c.
*66 Faulkner was the tenant of General Anderson, and had rented the land for the whole of the year 1858. During that year Anderson sold to the corporation, and executed his bond for title, which was accepted. In that it is expressly stipulated that Faulkner is to retain the possession until the 1st of January, 1854. But he was ousted by the company in October before, and forcible possession taken of the premises, and his property destroyed as before stated, in the construction of the road. Now, can he recover in this or any other mode of proceeding for this supposed injury ?
The owner of the freehold can only proceed under the charter, and not by any other mode. But a termer is not embraced by the charter, and perhaps has no redress against a corporation of this description, for any injury he may sustain by the rightful entry upon his possessions, and necessary occupation of the same for the purposes of the charter.
The right of the State to appropriate private property to public use, is communicated to these corporations, and they may, in its rightful exercise, enter upon the lands of others in the construction of their roads, lawfully, and without liability as trespassers. So it could have entered upon Faulkner with impunity, unless by contract that right was lost. It was certainly competent for this artificial person to bind itself, by contract, as well as any other person. Its acknowledged right to enter upon this land, could be waived or postponed by contract. And in the present case this was done. The corporation bought of Anderson, and as a stipulation in that written contract, Faulkner was to retain the pos *67 session unmolested for a fixed period. This was a postponement of an admitted right by contract. Surely both parties were bound to observe it. Though Faulkner was not a party to it, yet his landlord provided for his protection as a term in his sale. Here, then, is a case of entering upon another’s possessions without authority, and against an express contract, and great damage is done. Can there be any doubt about the liability in such a case ? It is not an injury embraced by the charter; the entry was in violation of a - contract, and therefore, illegal; damage has resulted, and there is no other remedy given.
It was no defence to show that the title was out of Anderson, and in Maxey, or any one else. It was enough to show that Anderson had the possession, rightfully, by his tenant, and that the defendant acknowledged his right and contracted with him for it making the reservation stated, in favor of the plaintiff.
There is no error, and the judgment is affirmed.